IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARIZA ANN MAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:15-CV-00264 |
| | § | |
| CAROLYN W. COLVIN, Acting Commissioner, | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## TO REVERSE AND REMAND THE DECISION OF THE COMMISSIONER

Plaintiff MARIZA ANN MAREZ brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant CAROLYN W. COLVIN, Acting Commissioner of Social Security (Commissioner), denying Plaintiff's application for Social Security Disability Insurance (SSDI). For the reasons set out below, the undersigned United States Magistrate Judge recommends the Commissioner's decision be REVERSED and that the case be REMANDED for a de novo review and new decision.

On August 25, 2015, Plaintiff filed an appeal of a final decision of the Commissioner denying Plaintiff's claim for benefits. ECF No. 1. On February 22, 2016, Defendant filed a motion to reverse and remand. ECF No. 19. Plaintiff filed a limited objection to Defendant's Motion for Remand. ECF No. 20. While both parties agree that the case should be remanded, they were not in agreement regarding the language of the remand. Defendant states the case should be remanded "for the purpose of conducting further proceedings," while Plaintiff argues it should be remanded "for the purpose of conducting further proceedings, including a de novo hearing and decision."

A phone hearing was conducted on March 1, 2016. Though the parties dispute what specific language should be included in the Order remanding, they do agree the case should be remanded.

## RECOMMENDATION

After hearing the positions of both parties, the undersigned finds the remand should be for a new ALJ hearing and decision. It is the opinion and recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the decision of the Defendant be REVERSED and that the case be REMANDED under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security for the purpose of conducting further proceedings, including a *de novo* ALJ hearing and decision.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   2nd   day of March 2016.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28

U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).